UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10247-GAO

ROBINSON RIOS and MAURICIO MADRID,
on behalf of themselves and others similarly situated,
Plaintiffs,

v.

CURRENT CARRIER CORP., d/b/a NOW DELIVERY,
and STEVEN A. WRIGHT,
Defendants.

ORDER
March 30, 2015

O'TOOLE, D.J.

Plaintiffs Robinson Rios and Mauricio Madrid bring this action against defendants Current Carrier Corp., d/b/a NOW Delivery, and Stephen A. Wright on behalf of themselves and others similarly situated to recover for minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Massachusetts wage laws. The plaintiffs have moved for conditional certification of a class under Section 216 of the FLSA and for certification of a class for the state law claims under Federal Rule of Civil Procedure 23.

According to the complaint, Rios has worked as a courier for the defendants in Massachusetts since January 2013. Madrid worked as a courier for the defendants in Massachusetts from January 2013 to approximately October 2013. Together, they allege that the defendants violated federal and state minimum wage and overtime laws by capping the number of hours couriers were paid for each delivery, by failing to pay wages for certain waiting and travel times between deliveries, and by failing to properly reimburse couriers for all transportation expenses. The plaintiffs moved for conditional class certification under the FLSA

of a class consisting of all couriers who are or have been employed by the defendants in Massachusetts and elsewhere within the three years preceding the commencement of the action. Four months later, they moved under Rule 23 to certify a class consisting of all couriers who have worked for the defendants in Massachusetts since December 2010. For the reasons stated herein, both motions are denied without prejudice.

**I.      Motion for Conditional Certification under Section 216**

The FLSA provides for an action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in this circuit generally use a two-tiered approach to FLSA class certification. First, the court looks to the pleadings and affidavits to determine whether the putative class members are similarly situated to the named plaintiffs and should therefore receive notice of the pending action. Litz v. Saint Consulting Grp., Inc., No. 11-cv-10693-GAO, 2012 WL 549057, at *2 (D. Mass. Feb. 17, 2012). The plaintiffs must show, at a minimum, that the putative class was "subject to a single decision, policy, or plan that violated the law." Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001). Second, after discovery is completed, the court can make a final determination of class certification, or can decertify a class that was conditionally certified at the first step. Id.

Although the applicable standard at this stage is fairly lenient, it is not "invisible." Burns v. City of Holyoke, 881 F. Supp. 2d 232, 234 (D. Mass. 2012). For the purposes of case management and to avoid fishing expeditions, courts require "a preliminary factual showing that there actually exists a similarly situated group of potential party plaintiffs." Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 18 (D.P.R. 2005). This means the plaintiffs must "put forth some evidence that the legal claims and factual characteristics of the class in this case

2

are similar." Trezvant v. Fidelity Emp'r Servs. Corp., 434 F. Supp. 2d 40, 44 (D. Mass. 2006) (citing Kane, 138 F. Supp. 2d at 215).

The plaintiffs each have submitted an affidavit that makes conclusory statements about the general treatment of couriers. However, none of the plaintiffs' extensive briefing contains facts about other employees sufficient to compare their situations relative to the plaintiffs'. In fact, the plaintiffs say, in effect, they do not know what the circumstances of the other employees are. Specifically, the plaintiffs acknowledge that they "worked alone as couriers out on the road [and thus] did not have [the same] opportunity to communicate with other similarly situated employees as would employees who work in the same office." (Pl.'s Reply Supp. Conditional Certification at 6 (dkt. no. 23).) Although such a work environment is hardly a bar to FLSA recovery, here, in the absence of any factual presentation to the contrary, it suggests that the plaintiffs may be wholly unaware of the situations of the others they seek to represent. At the very least, they have not put forth a sufficient description of the circumstances of the other employees to permit a reasoned evaluation of whether those other employees are "similarly situated" in relevant respects to the plaintiffs.

The plaintiffs have failed to carry their modest burden. Instead, the factual deficiencies are like those in Burns, where this Court denied conditional certification because the named plaintiff

> estimates only that the class will include "at least 50 plaintiffs" and submits boilerplate affidavits from two other employees . . . Notably, those declarations are silent as to the existence of employees from different departments who . . . are subject to the same purported policy of underpayment. The Court declines to certify such an ambiguous class based on the affidavits of a few employees. See Delano v. MasTec, Inc., No. 8:10-cv-320-T-27MAP, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011) (noting that courts in its district "have routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees").

Burns, 881 F. Supp. at 235-36. In this sense, this case is also like O'Donnell v. Robert Half Int'l, Inc., where this Court noted in denying conditional certification, plaintiffs "purport[ ] to speak generally for all such employees, but offer no justification for doing so. The only evidence offered are the affidavits of the individual plaintiffs, neither of whom has personal knowledge of the practices of [defendants'] management in other divisions or offices." 429 F. Supp. 2d 246, 250 (D. Mass 2006). Because an "unsupported allegation of a common plan" or company policy is insufficient, Trezvant, 434 F. Supp. at 43, the plaintiffs have not sufficiently shown other employees to be "similarly situated" them as required under Section 216(b).

## II.   Motion for Class Certification under Rule 23

Under the Federal Rules of Civil Procedure, a class action may be certified only if it satisfies each of the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). Rule 23(b) contains a further requirement, providing, in relevant part, that

> [a] class action may be maintained if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3). The Rule 23 requirements are more stringent than the requirements for conditional certification under Section 216 of the FLSA. "Rule 23 does not set forth a mere pleading standard." It requires a "rigorous analysis" that frequently "overlap[s] with the merits of the plaintiff's underlying claim." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011); General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982) (courts can "probe behind the pleadings"). A party must "be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact," typicality of claims, and adequacy of representation as required by Rule 23(a). Wal-Mart, 131 S.Ct. at 2551 (emphasis in original). "If

4

anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)" and requires satisfaction through evidentiary proof. Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2012).

The plaintiffs' motion for class certification suffers from the same factual deficiencies as its Section 216 motion. The plaintiffs recite the relevant legal propositions, but they offer insufficient facts to support their conclusory statements that they satisfy these standards. Accordingly, the motion fails to establish commonality and typicality as required by Rule 23(a) and the predominance of common questions of law and fact as required by Rule 23(b).

### **III.** **Conclusion**

For the foregoing reasons, the plaintiffs' Motion for Conditional Certification and Provision of Notice under 29 U.S.C. Section 216(b) (dkt. no. 15) and Motion to Certify Class (dkt. no. 27) are DENIED WITHOUT PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge